# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEYONA R. HARRIS,
      Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
CH-315H-14-0316-I-1

DATE: August 15, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keyona R. Harris, Chicago, Illinois, pro se.

Janet M. Kyte, Esquire, Hines, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant, a nonpreference eligible, was appointed to a GS-3 Nursing Assistant position at the Jesse Brown Veterans Affairs Medical Center effective February 24, 2013. Initial Appeal File (IAF), Tab 6 at 8. The appointment was subject to the completion of a 1-year initial probationary/trial period. *Id.* The agency terminated the appellant effective February 20, 2014, for performance problems. IAF, Tab 1 at 8-10; Petition for Review (PFR) File, Tab 5 at 12. She timely filed an appeal to the Board. IAF, Tab 1. In the first order on jurisdiction, the administrative judge provided incorrect information pertaining to competitive service employees, rather than excepted service employees. IAF, Tab 2 at 2. The administrative judge issued a second jurisdictional order purporting to correct the first order, which explained: (1) the Board only has jurisdiction over Veterans Health Administration employees appointed under the authority of 38 U.S.C. § 7401(3), and (2) upon the administrative judge's review, section 7401(3) did not appear to include nursing assistants, so it was likely that

the Board did not have jurisdiction to hear her appeal.[2] IAF, Tab 7 at 2. The administrative judge allowed the appellant 15 days to file evidence and argument to prove that her appeal was within the Board's jurisdiction. *Id.* The administrative judge also ordered the agency to clarify the statutory authority under which the appellant had been appointed. *Id.* The appellant timely responded but addressed only the merits of her appeal. IAF, Tab 8. The agency did not respond.

¶3    The administrative judge issued an initial decision, without holding the requested hearing, dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1. Specifically, the administrative judge found that the appellant did not qualify as an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(C) because she was an excepted service employee serving a probationary period with less than 1 year of current continuous service with the agency.[3] *Id.* at 2-3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The appellant filed a request for reconsideration and review with the Central Regional Office, which forwarded the pleading to the Clerk of the Board, which docketed it as a timely filed petition for review. PFR File, Tabs 1, 2. The appellant does not challenge the administrative judge's jurisdictional finding but instead challenges the merits of her termination.[4] PFR File, Tab 1. The agency

---

[2] In fact, the appellant was appointed under the authority of 38 U.S.C. § 7401(3). *See* PFR File, Tab 5 at 10.

[3] The administrative judge's finding that the appellant had less than 1 year of current continuous service is factually correct; however, we note that it is not the correct jurisdictional inquiry under the applicable statutory provision, which requires 2 years of current continuous service to qualify as an "employee" with Board appeal rights, where, as here, the appellant is not a preference eligible. 5 U.S.C. § 7511(a)(1)(C)(ii).

[4] In support of her petition for review, the appellant submits doctors' notes and a witness statement to rebut the agency's allegations of attendance and behavior problems. PFR File, Tab 1. The appellant also filed another pleading, which has been considered as a motion for leave to submit an additional pleading, asking for leave to

has submitted a response opposing appellant's petition for review.  PFR File, Tab 5 at 4-6.

¶5      As a preliminary matter, we note that the appellant was not notified of her jurisdictional burden as a nonpreference-eligible excepted service probationary employee at any time prior to the initial decision.  *See* IAF, Tabs 2, 7.  Although the administrative judge issued two separate orders on jurisdiction, neither mentioned the relevant jurisdictional statute, 5 U.S.C. § 7511(a)(1)(C).  *See* IAF, Tabs 2, 7.  However, an administrative judge's failure to provide an appellant with proper notice regarding an issue can be cured if the initial decision itself puts the appellant on notice of what she must do to address the issue, thus affording her with the opportunity to meet her burden in a petition for review. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008); *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007).  Here, we find that the initial decision, which relied on the correct statutory provision, placed the appellant on notice of her jurisdictional burden and that she was afforded an opportunity to meet her jurisdictional burden in the petition for review.

¶6      On review, the appellant does not challenge, and we discern no reason to disturb, the administrative judge's finding that the Board lacked jurisdiction over this appeal.   ID at 2-3.   Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a removal.  *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8 (2009); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d).  A nonpreference-eligible individual in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if she:  (1) is not serving a probationary or trial period

submit additional information pertaining to her termination.   PFR File, Tab 3. However, the appellant's arguments and evidence regarding her termination have no bearing on the jurisdictional issue before the Board.  We deny the appellant's motion for leave to submit an additional pleading upon finding that she has not shown that the alleged new evidence is material to the dispositive issues in this case.  *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).

under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii). Because it is undisputed that the appellant was serving a 1-year probationary period and had less than 2 years of current continuous service with an executive agency, IAF, Tab 1, PFR File, Tab 5 at 10, the Board does not have jurisdiction to hear her appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.